UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MILGARD MANUFACTURING, INCORPORATED, a Washington corporation, and MILGARD FAMILY LIMITED PARTNERSHIP, a Washington limited partnership,<br><br>    Plaintiffs,<br><br>  v.<br><br>ADMIRAL INSURANCE COMPANY, a Delaware corporation; FIDELITY & GUARANTY INSURANCE COMPANY, an Iowa corporation; ILLINOIS UNION INSURANCE COMPANY, an Illinois corporation; MARYLAND CASUALTY COMPANY, a Maryland corporation, and ZURICH AMERICAN INSURANCE COMPANY, a New York corporation,<br><br>    Defendants. | CIV. S-03-1751 GEB PAN<br><br><u>ORDER DENYING SEALING REQUEST</u> |

       Milgard has submitted for in camera review Exhibit "B," attached to Paul W. Sugarman's Declaration in Support of Milgard's Opposition to Admiral Insurance Company's Motion for Summary Judgment, which has been provisionally sealed pending judicial determination whether permanent sealing is warranted. Milgard asserts that Exhibit "B" should be permanently sealed because it is protected from public

1 | disclosure by attorney-client privilege and the work product doctrine.
2 | (Milgard's Opp'n Mem. at 26 n.18.)
3 |       In seeking this sealing, Milgard essentially asks the Court
4 | to countenance a secret judicial proceeding with respect to Exhibit
5 | "B."  When considering an unopposed sealing request, "the judge is the
6 | primary representative of the public interest in the judicial process
7 | and is duty-bound therefore to [consider whether the need exists] to
8 | seal [any part of] the record."  <u>Citizens First Nat'l Bank v.</u>
9 | <u>Cincinnati Ins. Co.</u>, 178 F.3d 943, 945 (7th Cir. 1999).
10 |       Milgard cites to Exhibit "B" in its Opposition Brief to
11 | offer an *alternative* or *additional* basis for finding that Admiral was
12 | participating in the defense of the <u>Camenson</u> Class Action before
13 | August 17, 2004.  (<u>See</u> Milgard's Opp'n Mem. At 26:8-18 (arguing that
14 | Lamore, Brazier, Riddle & Giampaoli LLP, in its capacity as carrier-
15 | selected defense counsel, provided confidential privileged attorney-
16 | client reports to Admiral).)  But Milgard has not shown that its
17 | proposed secretive proceeding involving Exhibit "B" is needed;
18 | specifically, Milgard has not demonstrated that Exhibit "B" is the
19 | exclusive means of establishing the fact(s) that Milgard asserts in
20 | its Opposition to Admiral's Motion for Summary Judgment.
21 |       Therefore, the Clerk of the Court shall return Exhibit "B"
22 | to Milgard's counsel.  <u>See</u> <u>United States v. Baez-Alcaino</u>, 718 F. Supp.
23 | 1503, 1506 (M.D. Fla. 1989) (explaining that when a judge decides in
24 | camera that a document has not been shown appropriate for sealing, it
25 | should be returned to the submitting party).
26 |       IT IS SO ORDERED.
27 | DATED:  May 26, 2005              /s/ Garland E. Burrell, Jr.
                                      GARLAND E. BURRELL, JR.
28 |                                   United States District Judge